UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FIRST MERCURY INSURANCE COMPANY,　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　11 Civ. 2819 (PAC)
　　　　- against -　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　OPINION & ORDER
613 NY INC. and CEZARIN NDREKA,　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 22, 2013

HONORABLE PAUL A. CROTTY, United States District Judge:

　　Plaintiff First Mercury Insurance Company ("First Mercury") moves for reconsideration of the Court's January 15, 2013 order denying both parties' cross-motions for summary judgment, and requests that the Court enter summary judgment in its favor. Alternatively, First Mercury moves for leave to amend the complaint to add Brooks Insurance Agency ("Brooks"), the wholesale broker, as a defendant. The Court previously held that there were genuine issues of material fact as to whether Brooks served as First Mercury's apparent agent for receiving notices of claim.

　　"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Reconsideration is an extraordinary remedy, appropriate only if there has been an intervening change in the law, new evidence becomes available, a clear error has been made, or the opinion creates a manifest injustice. Hinds County, Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010). Those circumstances do not exist here.

1

Apparent Agency for Notices of Claim

First Mercury contends that New York Insurance Law §§ 2117, 2118 and Reg. 41, N.Y. Comp. Codes R. & Regs. tit. 11, § 27.4, preclude the Court from holding that Brooks may have been First Mercury's apparent agent for receiving notices of claim from the insured. These provisions however, do not constitute an intervening change in law, nor do they constitute new factual evidence. Further, First Mercury inappropriately raises this authority now for first time in its motion for reconsideration. Levin v. Gallery 63 Antiques Corp., 2007 U.S. Dist. LEXIS 31811, at *6 (S.D.N.Y. 2007) (citing Xiao v. Continuum Health Partners, Inc., 2002 U.S. Dist. LEXIS 23673, at *9 (S.D.N.Y. 2002)) (noting that a party may not put forth new issues or arguments that were not presented to the court on the underlying motion). As the Court was not presented with this authority, it could not have overlooked it while ruling on summary judgment.

With respect to First Mercury's more general argument that an insurance broker typically acts as an agent of the insured, not the insurer, the Court has already considered it and concluded that issues of disputed fact preclude the application of that principle in this case. Green Door Realty Corp. v. TIG Ins. Co., 329 F.3d 282, 289 (2d Cir. 2003) (recognizing that a broker can be the insurer's agent where "there is evidence of some action on the insurer's part from which a general authority to represent the insurer may be inferred"). There are no grounds for revisiting that finding here. See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 2003) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

First Mercury's other objections suffer from the same deficiency. First Mercury argues that "the acts of Brooks cannot be the basis of a determination that Brooks was acting with

2

apparent authority." (Rep. at 4.) The Court's analysis of apparent agency does not depend on Brooks, but rather First Mercury's communications and receipt of premiums and notices. (Order at 8.) First Mercury asserts that it could not have taken any action on which 613 NY Inc. relied with regard to this specific notice of claim because Brooks failed to forward it. This argument was previously considered and rejected. (Order at 9.) First Mercury has provided no basis to reconsider the issue.

First Mercury also contends that the insured can be constructively charged with knowledge of the Broker Agreement, despite never actually having seen it, because "Brooks' knowledge of its own Broker Agreement is imputed to its principle, the insured 613 NY, Inc." (Mot. at 6.) That assertion begs the question by assuming the fact that it must prove—that Brooks was in fact an agent for 613 NY Inc. and not First Mercury. In addition, the fact the Broker Agreement was required to have been filed with the Excess Line Association of New York (ELANY) is a new fact that could have been, but was never raised during summary judgment. The parties never briefed the propriety of imposing upon the insured the obligation to research the agency status of its broker. Reconsideration based on this new fact at this juncture would be inappropriate.

Leave to Amend

Alternatively, First Mercury seeks leave to amend the Complaint to add Brooks as a defendant for negligence and breach of the Broker Agreement requiring Brooks to send notices of claim to CoverX.

Leave to amend should be granted when justice so requires. Fed. R. Civ. P. 15(a). Nonetheless, a court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4)

would be futile. Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996), aff'd 116 F.3d 465 (2d Cir. 1997). At the very latest, First Mercury knew or should have known that Brooks failed to forward notice of Ndreka's claim after it had deposed David Rosen in January 2012 (First Mercury 56.1 ¶¶ 52, 53), or when it deposed Chaim Breier of Worldwide in November 2011 (Id. ¶ 44,). Brooks' motion now comes more than a year later, after the scheduling order's deadline of January 16, 2012 to amend or join additional parties. (Dkt. 17.) An amendment would require additional discovery and further motion practice, including at Defendants' expense. In light of the prejudice to Defendants, the late stage of the litigation, and First Mercury's unexplained delay, its application is denied.

## CONCLUSION

First Mercury's motion for reconsideration or in the alternative to add Brooks as a Defendant is DENIED. The Clerk of Court is directed to terminate the motion at docket number 46.

Dated: New York, New York

April 22, 2013

SO ORDERED

PAUL A. CROTTY

United States District Judge